**Dismissed and Opinion Filed March 2, 2023**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

## No. 05-22-00860-CV

## IN THE INTEREST OF A.M.S. AND E.C.S., CHILDREN

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 90244**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Partida-Kipness

We questioned our jurisdiction over this appeal from the trial court's decree of divorce as it appeared the notice of appeal was untimely. As directed by this Court, appellant filed a letter brief addressing the jurisdictional issue.

When a party does not file a timely post-judgment motion extending the appellate timetable, a notice of appeal is due thirty days after the judgment is signed or, with an extension motion, fifteen days after the deadline. *See* TEX. R. APP. P. 26.1(a), 26.3. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal jurisdictional).

The trial court signed the divorce decree on April 27, 2022. Appellant did not file a request for findings of fact or motion for new trial or to modify the judgment. However, at the time the decree was signed, a motion to modify temporary orders filed by appellant was pending. The record reflects the trial court heard the motion to modify on August 24, 2022 and dismissed it as moot on the record.[1] Appellant filed his notice of appeal on August 29, 2022.

In his letter brief, appellant asserts the underlying case was not closed until August 24, 2022, when the trial court determined the motion to modify. Appellant is incorrect. The temporary orders were rendered moot by the entry of the final divorce decree, s*ee In re M.L.R.*, No. 05-15-00647-CV, 2016 WL 5791530, at *2 (Tex. App.—Dallas Oct. 4, 2016, no pet.) (mem. op.) (internal citations omitted), and no claims remained pending once the trial court signed the decree.

Accordingly, because appellant did not file a timely post-judgment motion extending the appellate timetable, the notice of appeal was due on May 27, 2022 or, with an extension motion, Monday, June 13, 2022. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. Because the notice of appeal was not filed until August 29, 2022, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220860F.P05

---

[1] A notation of the dismissal is also on the trial court's Docket Sheet.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF A.M.S. AND
E.C.S., CHILDREN

No. 05-22-00860-CV

On Appeal from the 196th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 90244.
Opinion delivered by Justice Partida-
Kipness. Justices Smith and Breedlove
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered March 2, 2023